## FORREST v. VAN WEZEL, et al.

### Case No. 82-2185

Eleventh Judicial Circuit, Dade County

April 2, 1984

### APPEARANCES OF COUNSEL

**Ralph Rocheteau,** Assistant County Attorney, for defendant.

**Irving Weinsoff** for plaintiff.

### OPINION OF THE COURT

MOIE J.L. TENDRICH, Circuit Judge.

This cause having come before the Court on February 16, 1984, pursuant to Notice of Plaintiff's Motion for a Rehearing and Motion to Set Aside Order of January 16, 1984, and the Court being familiar with the matter, and having heard argument of counsel, makes the following Findings of Fact and Conclusions of Law:

## FINDINGS OF FACT

1. At all times relevant to this action, Plaintiff Peter Forrest, was employed by Metropolitan Dade County as a "Personnel Specialist". Plaintiff has been employed by Metropolitan Dade County continuously since approximately August of 1961 and has been assigned to several different administrative departments in the County government.

2. In February of 1972 Plaintiff was transferred from the County's Central Personnel Office to the Personnel Office of the Dade County Aviation Department ("DCAD"). DCAD is an administrative department of Metropolitan Dade County.

3. Some time after Plaintiff's transfer to the DCAD Personnel Office, Defendant Wagner was placed in charge of the office. Mrs. Wagner subsequently did a study of the office's personnel needs and concluded that the office was over staffed, as a result Mrs. Wagner recommended a staff reduction for fiscal year 1977-78. Mrs. Wagner's recommendation was that one of the office's two supervisory positions not be refunded for Fiscal Year 1977-1978.

4. Mrs. Wagner did not and does not have budgetary control over her office. At all times relevant to the Complaint Mrs. Wagner was required to submit her recommendations on office staffing to the Aviation Department's Assistant Director for Administration (then the Defendant Van Wezel). The Assistant Director for Administration, after reviewing the recommendations of the various office supervisors in turn was called upon to make recommendations relative to the staffing needs of the administrative division. These recommendations were made to the Deputy Directory. The Deputy Director reviews all Assistant Director's recommendations and in turn makes a recommendation for staffing needs to the Director for the Aviation Department. The Director of the Aviation Department likewise after reviewing the Deputy Director's recommendation, makes a recommendation to the County's Budget Committee. The Budget Committee which reviews staffing recommendations for all County Departments in turn makes recommendations to the Dade County Board of County Commissioners. The Board of County Commissioners may adopt, reject or modify staffing requests of any County Department.

5. In the present case, Defendant Wagner's recommendation for a staff reduction was adopted by Defendant Van Wezel, was adopted by the Deputy Director of the Aviation Department, was adopted by the Director of the Aviation Department, was approved by the Budget Committee, and placed in affect by the County Commission after a public hearing.

174

6. Plaintiff had knowledge of the plans to eliminate the Personnel Specialist 2 position at the Aviation Department before the budget reduction became official and he lobbied against such a reduction. When it became apparent to Plaintiff that he could not convince the Aviation Department or the County Commission of the need for his position, Plaintiff filed a civil action in the Circuit Court for Dade County. Circuit Court Case No. 78-1932 (CA07)

7. Plaintiff entered into a Stipulation for Settlement of his civil action against the County. The Stipulation provided that Plaintiff would dismiss the action, and that Plaintiff would be affored an opportunity to contest the transfer at an administrative hearing. The County agreed to dismissal on these terms and the hearing was held, the result being that Plaintiff was given the option remaining at the Aviation Department in the highest paid budgeted position which he was qualified to hold (Personnel Specialist 1) or return to the Central Personnel Office as a Personnel Specialist 2. Plaintiff elected to return to the Central Personnel Office as a Personnel Specialist 2. Plaintiff then brought the present action.

## CONCLUSIONS OF LAW

42 U.S.C. Section 1983 is remedial in nature and does not create substantive rights. *Chapman v. Houston Welfare Rights Organization,* 95 S.Ct. U.S. 1095 (1979). In a Section 1983 action Plaintiff must be able to point to a specific articulable constitutional right which has been transgressed. *Landrum v. Moats,* 576 F.2d 1320, 1324 (5th Cir. 1978). Plaintiff has in effect, admitted that he can make no such showing in the present action. (Plaintiff's amended responses to Defendants' Interrogatories numbered 23, 24, 25, 26, and 27).

"(B)are allegations of malice, unsupported by credible evidence, will not surfice to subject public officials either to the cost of trial or to the burdens of broad reaching discovery. . . (G)overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzergerald,* 102 S.Ct. 2727, 2738 (1982).

A recommendation for reduction of staff by public officials, absent evidence of racial, ethnic, religious or other constitutionally impermissible considerations, is the type of discretionary function which is generally not actionable pursuant to Section 1983. *Owen v. City of Independents,* 102 S.Ct. 1398 (1980) (employee entitled to name

**175**

clearing hearing only where discharged based upon allegations of wrong-doing). Moreover, it was not the intent of Congress, in enacting Section 1983 to preclude *anyone* from urging a legislative or administrative body to act within its lawful sphere. It is not generally the Court's function to inquire into ones motive for petitioning a legislative body for change. *Eastern Railroads Presidents' Conference v. Noerr Motor Freight*, 365 U.S. 127 (1961).

For the reasons recited above, Plaintiff's assertions of injury are not sufficient to overcome Defendants' Motion for Summary Judgment. Having had a more than adequate opportunity for discovery, Plaintiff must now be able to point to a specific, articulable constitutional right which has been transgressed. *Landrum v. Fitzgerald*, supra. *Board of Regents v. Roth*, 408 U.S. 564 (1972). Accordingly, Defendants are entitled to Summary Judgment.

In view of the foregoing, and having given due consideration to arguments of counsel and memoranda.

IT IS HEREBY ORDERED AND ADJUDGED

That Defendant's Motion for Final Summary Judgment is granted as to all Counts in the Complaint. That Plaintiff Peter Forrest take nothing by this action. Defendants John Van Wezel and Teresita Alvarez Wagner shall go hence without delay. The Court reserves jurisdiction to tax costs and attorney's fees.